IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GLENDA S. SIMMONS, as Guardian    )
and Conservator of Bryan          )
O'Neil C. SIMMONS, CALVIN C.      )
SIMMONS, as Guardian and          )
Conservator of Bryan O'Neil       )
Simmons, BRYAN O'NEIL SIMMONS,    )
and TIFFANY SIMMONS,              )
                                  )
              Plaintiffs,         )
                                  )
        v.                        )        1:14cv730
                                  )
CORIZON HEALTH, INC., CORIZON,    )
LLC, B.J. BARNES, in his          )
official capacity as Sheriff      )
of Guilford County, North         )
Carolina, GUILFORD COUNTY, and    )
THE LOCAL GOVERNMENT EXCESS       )
LIABILITY FUND, INC.,             )
                                  )
              Defendants.         )

**<u>MEMORANDUM ORDER</u>**

Plaintiffs Glenda, Calvin, Bryan, and Tiffany Simmons bring suit against Defendants Corizon Health, Inc., Corizon, LLC (collectively "Corizon"); B.J. Barnes, Sheriff of Guilford County, Guilford County, and the Local Government Excess Liability Fund, Inc. (collectively "Guilford Defendants"), for alleged violations of Bryan Simmons' constitutional rights pursuant to 42 U.S.C. § 1983, as well as for violations of North Carolina law. (Doc. 20.) Before the court is Sheriff Barnes' motion, pursuant to Federal Rule of Civil Procedure 60, for reconsideration of this court's Memorandum Opinion and Order entered August 4, 2015. (Doc.

36.)    For the reasons set forth below, the motion for reconsideration and motion to dismiss Plaintiffs' § 1983 claim against Sheriff Barnes, in his official capacity as Sheriff of Guilford County, North Carolina, will be granted.

## I.   BACKGROUND

This suit arises from injuries Bryan Simmons sustained while incarcerated in the Guilford County jail. (Doc. 20 ¶ 1—22.) A complete version of the factual allegations are set forth in this court's August 4, 2015 Memorandum Opinion and Order (Doc. 35) and need not be repeated here.

Following Plaintiffs' complaint, the Guilford Defendants filed a motion to dismiss. (Doc. 15.) In considering the Guilford Defendant's motion to dismiss as to Sheriff Barnes, this court observed that the "Guilford Defendants ma[d]e no argument that Plaintiffs' amended complaint fails to allege facts of an official policy causing the claimed Eighth Amendment violation." (Doc. 35 at 23.) On that basis, the motion to dismiss was denied as to Plaintiffs' § 1983 claim against Sherriff Barnes. (Id.) However, Sheriff Barnes' motion for reconsideration contends that this argument was in fact made, albeit summarily. (Doc. 29 at 15.) Specifically, in connection with a broader argument as to Sheriff Barnes' respondeat superior liability, the Guilford Defendants' brief in support of their motion to dismiss argued that there are no "substantive allegations that . . . Sheriff [Barnes] initiated

2

a specific policy or tacitly endorsed a specific custom or practice which proximately caused [the injury alleged]."[1]   (Id. (emphasis omitted).)   Sheriff Barnes now urges the court to consider this argument.

## II.  ANALYSIS

Sheriff Barnes labels his motion for relief from judgment as a Rule 60 motion, but because Sheriff Barnes' motion for relief from judgment was filed within 28 days of the entry of judgment, it is proper for this court to treat it as a motion to alter or amend judgment under Rule 59(e).   See Fed. R. Civ. P. 59(e); Knowles v. Mut. Life Ins. Co. of New York, 788 F.2d 1038 (4th Cir. 1986); Maxus Energy Corp. and Subsidiaries v. United States, 31 F.3d 1135, 1139-41 (Fed. Cir. 1994) ("The universal rule is that, regardless of its label, any motion made within [28] days of entry of judgment which seeks a substantive change in the judgment will be considered a Fed. R. Civ. P. 59(e) motion.").   A court may amend a judgment under Rule 59(e) where it is necessary to "prevent manifest injustice."   Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).   Because Sheriff Barnes' argument was initially

---

[1] Litigants are cautioned that they are obliged to state their arguments clearly and to support them with legal authority, or else they will be deemed insufficient.   See M.D.N.C. Local Rule 7.2(a).   Here, Sheriff Barnes' argument was a single sentence buried in a larger discussion of respondeat superior liability.   The court addresses the motion now because Sheriff Barnes is clearly entitled to relief at this early stage and thus should avoid the unnecessary expense of defending the claim until it can be dismissed at summary judgment.

overlooked, justice requires this court to now consider whether Plaintiffs have plausibly alleged that a policy or custom of Sheriff Barnes proximately caused Simmons' injury.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiffs have sued Sheriff Barnes only in his official capacity. (Doc. 20.) In addition, unlike as to Defendant Guilford County, Plaintiffs do not allege that the Sherriff's office had a contractual relationship with Corizon. (See id. ¶¶ 13, 14, 29, 32, 44, 46, 68, 100, 104 (alleging that the relevant contract was between Guilford County and Corizon)). Accordingly, Plaintiffs cannot state a claim against Sheriff Barnes in his official capacity without alleging that Simmons' injuries were proximately caused by "an official policy or custom of the Sheriff's office." Evans v. Guilford Cnty. Det. Ctr., No. 1:13CV499, 2014 WL 4641150, at *3 (M.D.N.C. Sept. 16, 2014) (emphasis added); Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003). There are four ways for an

4

unconstitutional policy or custom to arise:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Lytle, 326 F.3d at 471 (alteration in original and internal citations omitted).

Plaintiffs do not allege any affirmative policy by the Sheriff's office. (See Doc. 20 ¶¶ 111-27.) Instead, they allege that Sherriff Barnes and his employees have a policy or custom of deliberate indifference to the medical needs of prisoners. (See id.) In support of this argument, Plaintiffs allege an incident from a year prior to Simmons' injury. (Id. ¶ 123.) There, an inmate died from a blood clot after being strapped to a restraining chair for 24-36 hours. (Id.) This is the only prior incident that Plaintiffs allege.

This single, isolated incident is not sufficient to establish a policy or custom of medical neglect. See, e.g., Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984) ("Ordinarily, [the plaintiff] cannot satisfy his burden of proof by pointing to a single incident or isolated incidents."); Layman v. Alexander, 294 F. Supp. 2d 784, 794 (W.D.N.C. 2003) ("Deliberate indifference on the part of a supervisor may not be established 'by pointing to a

single incident or isolated incidents, . . . for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities.'" (quoting Slakan, 737 F.2d at 373)); Russell v. Town of Chesapeake, 817 F. Supp. 38, 42 (S.D. W.Va. 1993) ("Evidence of one prior incident of excessive force . . . by itself would not establish the pattern of 'persistent and widespread' constitutional violations necessary to demonstrate a 'custom.'" (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978))); see also Jones v. Muskegon Cnty., 625 F.3d 935, 946-47 (6th Cir. 2010) (finding that five incidents did not establish a "custom that was 'so widespread, permanent, and well settled as to have the force of law.'") (citations omitted)).

In addition to being isolated, the prior incident is of limited relevance to Simmons' injury. Plaintiffs do not allege that Simmons was placed in a restraint chair. Instead, they allege he was denied access to adequate healthcare when he was obviously sick. Further, it was not the Sheriff's policy that caused injury in the prior incident; Plaintiffs allege the actual policy in place when the prior incident occurred prohibited chair restraint for more than two hours. (Doc. 20 ¶ 123.) For these reasons, the prior incident alleged by Plaintiffs, even assuming it to be true, is far too isolated and unrelated to establish a policy or custom of deliberate indifference to the medical needs of prisoners.

6

Plaintiffs' § 1983 claim against Sheriff Barnes also fails if their policy or custom argument is construed as a failure to train claim. Plaintiffs' complaint alleges that "[t]he Sheriff Deputies who were engaged to oversee Simmons during his incarceration were either improperly trained to ascertain and handle foreseeable medical emergencies . . . or were indifferent to his plight." (Doc. 20 ¶ 117.) Inadequate training "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference." City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989). Deliberate indifference only exists where a municipal policy, or lack of a policy, "make[s] the specific violation [alleged] almost bound to happened, sooner or later, rather than merely likely to happen in the long run." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999).

Plaintiffs appear to allege that Simmons' injury would have been avoided if the jail guards had been trained to "ascertain and handle foreseeable medical emergencies." (Doc. 20 ¶ 117.) But for additional training to have had any effect in this case, the guards would need to have been trained to (1) recognize medical emergencies and (2) override the advice of medical staff where they believe a medical emergency is being ignored.

The absence of this policy does not rise to deliberate indifference. First, as noted above, Plaintiffs have not alleged any prior incident that would have put Sheriff Barnes on notice

7

that training his guards to override the advice of medical staff was necessary. See Harris, 489 U.S. at 399 (collecting cases). Second, "jail officials are ordinarily entitled to defer to the judgment of medical professionals." Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 676 (7th Cir. 2012); see also Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Accordingly, given the dearth of alleged prior incidents and the common sense presumption that medical staff have more expertise in medicine than jail guards, Plaintiffs have failed to plausible allege that Sheriff Barnes' failure to train his guards to override the advice of medical staff made Simmons' injury "bound to happen, sooner or later." Carter, 164 F.3d at 218.

Because Plaintiffs have failed to plausibly allege that Simmons' injuries were caused by a policy or custom of the Sheriff's office, Sheriff Barnes' motion to dismiss will be granted.

## III. CONCLUSION

For the reasons stated, Plaintiffs have failed to plausibly allege a § 1983 claim against Sheriff Barnes in his official capacity.

IT IS THEREFORE ORDERED that Defendants' motion for reconsideration (Doc. 36) is GRANTED and Defendants' motion to dismiss Plaintiffs' § 1983 claim against Sheriff Barnes in his official capacity (Doc. 15) is GRANTED.

8

/s/   Thomas D. Schroeder
                                       United States District Judge

October 6, 2015