# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
GLENDA S. SIMMONS, et al.,       )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )     1:14cv730
                                 )
CORIZON HEALTH, INC., et al.,    )
                                 )
          Defendants.            )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on "Plaintiffs' Motion for Leave of Court to Designate Additional Expert" (Docket Entry 83) (the "Extension Motion"). For the reasons that follow, the Court will deny the Extension Motion.

## BACKGROUND

On August 26, 2014, Plaintiffs commenced this action against Defendants for, inter alia, acts and/or omissions amounting to deliberate indifference to the medical needs of Bryan Simmons during his incarceration at the Guilford County Jail in November and December of 2012. (Docket Entry 2; see also Docket Entry 20.) On August 28, 2015, the Court issued a Scheduling Order consistent with the parties' proposed discovery plan, which established a discovery deadline of May 1, 2016, and an expert witness disclosure deadline for Plaintiffs of December 31, 2015, and for Defendants of March 3, 2016 (See Docket Entry 40 at 2). (Text Order dated Aug. 28, 2015; see also Text Order dated Aug. 31, 2015.) In February

2016, the Court granted the parties' request to modify the Scheduling Order by extending the expert witness disclosure deadlines to May 15, 2016, and July 17, 2016, respectively (as well as by extending the discovery deadline to September 15, 2016). (See Text Order dated Feb. 16, 2016; see also Docket Entry 65 at 1-2.) On June 20, 2016, Plaintiffs filed the Extension Motion, seeking to modify their expert disclosure deadline. (See Docket Entry 83.) Defendants oppose the requested extension. (See Docket Entries 89, 96.)[1]

**DISCUSSION**

The Federal Rules of Civil Procedure (the "Rules") generally require the issuance of a scheduling order early in each case. See Fed. R. Civ. P. 16(b). "The drafters of the Rules intended [the scheduling] order to control the subsequent course of the action so as to improve the quality of justice rendered in the federal courts by sharpening the preparation and presentation of cases, tending to eliminate trial surprise, and improving, as well as facilitating, the settlement process." Forstmann v. Culp, 114 F.R.D. 83, 84-85 (M.D.N.C. 1987) (internal quotation marks omitted). Accordingly, the discovery "schedule may be modified only for good cause and with the [Court's] consent." Fed. R. Civ. P. 16(b)(4). "[T]he touchstone of 'good cause' under Rule 16(b) is diligence." Marcum

---

[1] The Court granted Defendants leave to file a surreply regarding the Extension Motion. (Text Order dated July 28, 2016.)

2

v. Zimmer, 163 F.R.D. 250, 255 (S.D. W. Va. 1995); see also Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment Subdivision (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the <u>diligence of the party seeking the extension</u>." (emphasis added)).

Here, the (amended) Scheduling Order required Plaintiffs to make their Rule 26(b)(2) expert witness disclosures by May 15, 2016. (See Text Order dated Feb. 16, 2016.) Slightly more than a month after this deadline passed, Plaintiffs filed the Extension Motion, seeking "an order granting an additional thirty (30) day[s] to designate [an] expert, if one is needed" (Docket Entry 83 at 2), "in regards to the actions of Richard Cornwall [("Cornwall")], a physician's assistant employed . . . at the jail at the time of Mr. Simmons' incarceration" (id. at 1). In the Extension Motion, Plaintiffs explain that they conducted Cornwall's deposition on April 26, 2016,[2] and received the transcript from the deposition on May 11, 2016, "four days before the designation deadline." (Id.) Plaintiffs further state that they "were unaware until the deposition that Cornwall had received, reviewed and disregarded the highly abnormal blood work of Bryan Simmons 8 days before Simmons' cardiac arrest. Therefore [they] need additional time to have this

---

2 The Extension Motion mistakenly states that this deposition occurred on April 28, 2016 (see id.), but Plaintiffs' supporting briefs (see, e.g., Docket Entry 84 at 1), and the deposition transcript (see Docket Entry 84-1 at 1) reflect that the deposition occurred on April 26, 2016.

3

matter reviewed by a medical expert with expertise in this area." (Id. at 1-2.)

In support of their extension request, Plaintiffs primarily focus on whether their failure to designate an expert regarding Cornwall by their disclosure deadline qualifies as substantially justified or harmless under Rule 37. (See, e.g., Docket Entry 84 at 4-5 (offering arguments in support of their contention that "the inability to previously disclose was 'substantially justified' and 'harmless'" (citing Fed. R. Civ. P. 37(c)(1)).) Rule 37 governs situations where a party discloses an expert witness after the deadline for making such disclosures. See Fed. R. Civ. P. 37(c)(1) (providing that a party who fails to timely identify an expert witness "is not allowed to use that . . . witness . . . unless the failure [to timely identify the witness] was substantially justified or is harmless"). In other words, Rule 37 applies to late-disclosed experts.

Here, however, Plaintiffs seek to extend their deadline for designating expert witnesses so that they can timely "designate an additional expert, if needed." (Docket Entry 84 at 1; see also id. at 4 ("This [M]otion seeks proactive approval of a supplemental designation in the wake of newly discovered evidence.").) Accordingly, Rule 16(b)(4) rather than Rule 37(c)(1) governs the Court's resolution of the Extension Motion. Compare Hayes v. GGP-Four Seasons, L.L.C., No. 1:10cv423, 2011 WL 1466409 (M.D.N.C.

4

Apr. 18, 2011) (analyzing whether "good cause" existed to modify expert witness disclosure deadlines), with Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595-99 (4th Cir. 2003) (analyzing the five factors that "should . . . guide[]" "a Rule 37(c)(1) exclusion analysis," and affirming the district court's exclusion of a late-disclosed expert opinion). The Court thus considers whether Plaintiffs have established "good cause" for the requested extension.

Plaintiffs contend that, because "Cornwall's deposition transcript arrived four days before Plaintiffs' expert disclosures were due[,] . . . Plaintiffs did not have adequate time to obtain an expert to review the transcript and the pertinent medical records . . . prior to the disclosure deadline." (Docket Entry 84 at 3.) Plaintiffs do not, however, explain why they waited until June 20, 2016, to request an extension of their expert disclosure deadline rather than, for instance, requesting such an extension immediately after Cornwall's deposition on April 26, 2016, or their receipt of the deposition transcript on May 11, 2016, or at some earlier point in the more than five-week period between receipt of this transcript and the filing of their Extension Motion. (See Docket Entries 83, 84, 90; see also Docket Entry 93 (Plaintiffs' Memorandum Opposing Corizon's Motion for Leave to File Sur-Reply).) Plaintiffs' delay in presenting their extension request counsels against finding that they have acted with diligence regarding this

5

matter.  The nature of Plaintiffs' requested extension — thirty days from the Court's ruling on the Extension Motion "to designate [an] expert, if one is needed" (Docket Entry 83 at 2) — further counsels against such finding.  Put simply, by requesting an additional thirty days measured from an unknown future date rather than an extension to a specific date thirty days after filing the Extension Motion (i.e., July 20, 2016),[3] Plaintiffs reinforce the view that, rather than moving diligently to secure an expert once the need became apparent, they sought to avoid taking action as long as possible.

In sum, Plaintiffs have failed to demonstrate sufficient diligence regarding the requested extension.  As a result, they have not established "good cause" for amending the Scheduling Order.  See Marcum, 163 F.R.D. at 255.[4]  The Court will therefore

---

3 Such a deadline would have fallen 66 days after Plaintiffs' extended expert disclosure deadline of May 15, 2016.

4 Further, because Plaintiffs waited until after the expert disclosure deadline passed to seek an extension, they also would have to satisfy the demanding "excusable neglect" standard set by Rule 6(b)(1)(B).  See Tyndall v. Maynor, 288 F.R.D. 103, 109 (M.D.N.C. 2013).  Given Plaintiffs' failure to offer any explanation for waiting more than a month beyond the expert disclosure deadline to seek an extension, as well as the threat that allowing the requested extension might pose to the Court's and Defendants' interest in meeting the parties' agreed-upon discovery deadline, the Court concludes that Plaintiffs also have not established excusable neglect.  See id. at 110 (applying "excusable neglect" factors identified in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), in context of belated request to extend expert disclosure deadline).

deny Plaintiffs' request to extend their expert witness disclosure deadline.

## **CONCLUSION**

Plaintiffs have not shown good cause for modifying the Scheduling Order, as required by Rule 16(b)(4).[5]

**IT IS THEREFORE ORDERED** that the Extension Motion (Docket Entry 83) is **DENIED**.

This 29th day of August, 2016.

                                        /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                           **United States Magistrate Judge**

---

[5] Nothing in this Order precludes Plaintiffs from providing a late expert witness disclosure and litigating any related matters that arise pursuant to Rule 37(c)(1).